U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JUN 2 7 2022

CLERK U.S. DISTRICT COURT
By: _____
        Deputy

UNITED STATES OF AMERICA

v.

DAVID DEVANEY, SR.   (01)
CORY LITTS (02)

No. 4:22-MJ- 469

## CRIMINAL COMPLAINT

Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

Beginning in or before April 2022, and continuing until on or about June 25, 2022, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **David Devaney, Sr.** and **Cory Litts** along with others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), namely to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)).

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

I.      INTRODUCTION

1.      I have been a special agent of Homeland Security Investigations (HSI) for approximately 15 years. I received basic investigative instruction at the Federal Law Enforcement Training Center located in Glynco, Georgia, and additional continuing instruction regarding investigative techniques. I am currently assigned to the HSI Dallas North Texas Public Safety Task Force- Fort Worth working with investigators from other federal law enforcement agencies as well as state, county, and municipal law enforcement officers.

2.      I have participated as a law enforcement officer in several investigations of unlawful narcotics distribution involving wiretaps, physical and electronic surveillances, undercover transactions, the execution of search and arrest warrants, debriefings of informants, and review of taped conversations, written conversations and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored and distributed, and the methods of payments for such drugs. I am also familiar with some of the methods by which narcotics traffickers communicate and code words commonly used by narcotics traffickers.

3.      This complaint does not contain all the information known to the investigation. This complaint merely contains sufficient facts to establish probable cause for the requested arrest warrants.

The basis of the probable cause includes information personally known to the affiant as well as information gleaned from police reports and conversations with other law enforcement officers.

II.     SUMMARY OF PROBABLE CAUSE THAT A VIOLATION OF 21 U.S.C. § 846 HAS OCCURRED

4.      As part of the conspiracy, not every person named or identified in the conspiracy knew every other person identified as being in the conspiracy.  It was their joining together for the common purpose of possessing and distributing methamphetamine, the nature of the scheme to possess and distribute methamphetamine, and the overlapping among its members in possessing and distributing methamphetamine that established their membership in this particular conspiracy.  And not every member of the conspiracy knew the details of each aspect of the conspiracy.  Nevertheless, each member of the conspiracy knew or was aware of the conspiracy's general purpose and scope, which was to possess and distribute methamphetamine in the Northern District of Texas and elsewhere between and among the named conspirators and others not named.

5.      As part of the conspiracy, its members had a fluid hierarchy that evolved over time.  For example, as some members were arrested or otherwise temporarily unavailable, other members took over the receipt and delivery of methamphetamine.

6.      Since approximately June 2022, law enforcement has been investigating allegations **DAVID DEVANEY, SR.** and **CORY LITTS**, along with others, named and not named, have conspired together to possess methamphetamine with the intent to distribute it in the Northern District of Texas and elsewhere.

7.      As part of the conspiracy, **DAVID DEVANEY, SR.** and **CORY LITTS** and

others agreed to possess methamphetamine with the intent to distribute it, and knowingly

and willfully participated in that agreement.

8.      As part of the conspiracy, the common purpose between and among **DAVID**

**DEVANEY, SR.** and **CORY LITTS** along with others was to possess and distribute

methamphetamine in the Northern District of Texas and elsewhere.

9.      As part of the conspiracy, in general, **DAVID DEVANEY, SR.** and **CORY**

**LITTS** and others distributed or brokered methamphetamine transactions between one

another and others.

10.     As part of the conspiracy, its members routinely received and delivered quantities

of methamphetamine they then distributed to others in the Northern District of Texas and

elsewhere.

11.     As part of the conspiracy, some of the money derived from the sale and

distribution of methamphetamine was used to purchase additional quantities of

methamphetamine.

III.    FACTS ESTABLISHING PROBABLE CAUSE THAT A VIOLATION OF 21
        U.S.C. § 846 HAS OCCURRED

12.     On June 2, 2022, Johnson County Stop the Offender Program (STOP) Investigator

Massey, STOP Investigator Riggs and the affiant interviewed a cooperating defendant at

the Johnson County Jail.  The defendant's attorney was also present.  During the

interview, the cooperator identified **David DEVANEY SR.** as a methamphetamine

(meth) distributor who had previously provided the cooperator multi-ounce to one-half

**Criminal Complaint - Page 4 of 14**

kilogram quantities of meth on several occasions.  The cooperator identified **DEVANEY SR.**'s phone number as XXX-XXX-0581 and **DEVANEY SR.**'s home address as XXX E. Sheila Circle in the City of Joshua, Johnson County, Texas. Additionally, the cooperator stated **DEVANEY SR.** usually drove a black Toyota Camry when **DEVANEY SR.** transported the meth.

13.    On the evening of June 2, 2022, STOP investigators conducted surveillance at the residence listed in the above paragraph, XXX E. Sheila Circle.  Investigator Massey observed a dark-colored Toyota Camry displaying Texas license plate 'PLD8843'.  The registration listed the owner of the Toyota as '**David DEVANEY**'.  During the surveillance, Investigator Massey also observed vehicle traffic consistent with the sale of illegal drugs.  Several vehicles arrived, a person or two people would go into the residence, stay approximately thirty minutes, and then leave. STOP Commander Sparks observed an individual with the same build as **DEVANEY SR.** exit the residence carrying a dark-colored bag, similar to a duffle bag.  Investigator Massey saw the person put the bag in the passenger seat and then get into the driver seat of the Toyota Camry and leave the residence.

14.    On June 3, 2022, Investigator Massey searched Johnson County Jail phone calls and observed several phone calls to the phone number XXX-XXX-0581.  Investigator Massey listened to a phone call from Inmate Michael Brian Colson to **DEVANEY SR.** on May 1, 2022, at approximately 20:11 hours.  During this phone call, **DEVANEY SR.** said he took a portion of Percocet earlier by smoking it.

In the last year, the affiant and STOP Investigators have participated in numerous investigations related to 'Percocet' pills and have found these pills to be counterfeit, containing fentanyl.

15.     On June 21, 2022, STOP investigators deployed a surveillance camera to monitor activity in front of **DEVANEY SR.'**s residence.  During this surveillance, STOP investigators observed numerous vehicles come and go from the residence.  Some vehicles arrived, stayed a short period of time, and then left.

16.     On June 22, 2022, investigators conducted surveillance at **DEVANEY SR.**'s residence, XXX E. Sheila Circle, Joshua, Texas.  At approximately 18:49 hours, Investigator Massey observed a dark-colored Dodge Ram pickup park in the street across from **DEVANEY**'s house.  A female exited the driver seat and went into the residence. At approximately 19:33 hours, the same female walked out of the residence followed by a white male.  They both went to the pickup.  The female got into the passenger seat and the male got into the driver seat.  Investigators Bartlett, Middleton, and Massey followed the pickup.  The male driver failed to signal a lane change and to signal a turn from W. Kilpatrick Ave. onto southbound Granbury St. in Cleburne, Texas.  Texas DPS Trooper Yeager conducted a traffic stop on the vehicle near the intersection of Marengo and Madison Streets in Cleburne.

17.     Officers identified the driver as FJ Colson, who was arrested for driving with suspended driver license.  The female passenger was identified as T. F., who was released.  During an inventory of the vehicle, officers located a sandwich-sized clear plastic zip-top style baggy was found inside of a Planter's brand nuts container on the

passenger side of the dashboard. The baggy contained a crystal substance consistent with meth.

18.     On June 22, 2022, at approximately 22:20 hours, Commander Sparks drove by XXX E Sheila Circle and observed a Dodge pickup displaying Texas license plate RTN2515 parked at the residence. Commander Sparks checked the license plate through the state computer system. The Dodge pickup registered to **Cory LITTS** at an address in Bowie, Texas.

19.     On June 24, 2022, at approximately 17:58 hours, Burleson Police Department Dispatch received a 911 call reporting a reckless driver in the area of Wilshire Blvd. and Interstate 35W. During the subsequent investigation, Burleson police officers determined shots were fired during a suspected road rage incident. An individual was shot and killed on Wilshire near the intersection of Hillery Street in Burleson. Further investigation by Burleson officers discovered that a newer model black Toyota Camry was involved in the incident. Surveillance camera images revealed the vehicle closely matched the description of the black Toyota Camry registered to **David DEVANEY**.

20.     Investigator Massey checked surveillance video from the camera at XXX E. Sheila Circle and observed **DEVANEY SR.'s** black Toyota Camry left the residence at approximately 15:30 hours on June 24, 2022. Images revealed a short male subject driving the vehicle from the residence and wearing a light-colored shirt.

21.     On June 24, 2022, at approximately 22:00 hours, Burleson police officers found **David DEVANEY's** black Toyota Camry, Texas license plate 'PLD8843', at the Hampton Inn, 13251 Jake Ct. in Fort Worth, Texas.

**Criminal Complaint - Page 7 of 14**

Burleson officers and STOP investigators conducted surveillance on the vehicle.  An

unidentified individual came out and drove the vehicle from the hotel a short time later.

Surveillance units were unable to follow the vehicle and lost sight of it east of Burleson

in unincorporated Johnson County.  Investigator Massey conducted surveillance on XXX

E. Sheila Circle from approximately 23:00 hours until 03:00 hours and did not observe

anyone come or go from the residence.

22.      On June 25, 2022, at approximately 09:26 Commander Sparks received

information from the desk clerk at the Hampton Inn hotel.  The desk clerk told

Commander Sparks a female who had rented hotel room # 202 had called in and said her

boyfriend, **David DEVANEY**, had forgotten some items in the hotel room and asked that

he be allowed into the room to get those items.  As the desk clerk was taking the call, a

male subject came in the main lobby and told the desk clerk his name was **David**

**DEVANEY**.  The desk clerk gave **DEVANEY, SR.** a key card for the room and

**DEVANEY, SR.** went upstairs.  Commander Sparks, Investigator Massey, Burleson

police officers, and the affiant responded to the Hampton Inn at approximately 10:15

hours.  Burleson SRT officers staged behind the hotel.  Commander Sparks, Investigator

Massey and the affiant made their way to the lobby area.  Investigator Massey observed a

male resembling **DAVID DEVANEY SR.,** another male, and a female come out of the

elevator into the lobby. Both males were carrying items.  As the three subjects walked out

the front door of the hotel, the female turned right, and the two males turned left.  Sparks,

Massey, and the affiant followed the two males as they walked west through the hotel

parking lot.

**Criminal Complaint - Page 8 of 14**

One male was carrying a box, which had an alcoholic beverage label on the box. The other male was carrying a small, zippered bag consistent with a shower or shave kit. The two males walked to a dark-colored Dodge pickup bearing Texas license plate 'RTN2515'.

23.     As the two males began to get into the Dodge pickup, Commander Sparks and Investigator Massey made contact with the male on the driver's side, subsequently identified as **Cory LITTS**. **LITTS** put the box with alcohol beverage label down on the ground and got into the pickup, sitting in the driver seat and began to reach behind him as if he were reaching for something. Commander Sparks and Investigator Massey removed him from the vehicle and frisked him for weapons. As Investigator Massey was running his hands down the outside of the driver's clothing, Investigator Massey could clearly feel a plastic baggy which was lumpy, consistent with the feel of a bag of methamphetamine. There was also a hard object behind it. Investigator Massey stopped to look at the corner of the pocket and observed the pocket was slightly open from all of the objects in it. Through the opening Investigator Massey observed a sandwich-sized baggy containing crystal substance Investigator Massey recognized as methamphetamine. Investigator Massey removed the baggy and the hard object. The hard object was a digital scale. Investigator Massey then conducted a probable cause search of **LITTS'** person. Investigator Massey located some cash and a wallet with a State of Texas photo identification card bearing the name **Cory LITTS**.

**Criminal Complaint - Page 9 of 14**

24.     Investigator Massey also conducted a probable cause search of the alcoholic beverage box **LITTS** was carrying.  As Investigator Massey opened the top flaps of the box, Investigator Massey immediately observed a one-gallon plastic zip-top style baggy containing methamphetamine in the box.  Investigator Massey lifted the baggie up and observed a Sig Sauer brand pistol underneath the methamphetamine.  Investigator Massey did not manipulate the firearm in case it was the one used in the shooting described above.  **LITTS** was secured in handcuffs behind his back.  Investigators later determined the Sig Sauer to be a 9mm.

25.     While Commander Sparks and Investigator Massey made contact with **LITTS**, the affiant approached the male, who resembled **David DEVANEY Sr.**, on the passenger side of the truck.  Burleson Sergeant Adams joined the affiant as these events were unfolding. The affiant saw **David DEVANEY SR.** throw the zippered shaving kitbag into some bushes in front of the vehicle parked next to the Dodge truck as the affiant approached him.  The affiant asked the subject to identify himself. The subject stated his name as **David DEVANEY**.  The affiant observed a noticeable bulge under **DEVANEY SR.**'s shirt in the front, waistband area, and frisked **DEVANEY SR.** for weapons.  The affiant removed a pistol from **DEVANEY SR.**'s waistband in the exact spot where the bulge had been visible.  The pistol was a .40-caliber Smith and Wesson with a laser aiming device.  Sergeant Adams and the affiant placed **DEVANEY SR.** in handcuffs. The affiant recovered the shaving kit he saw **DEVANEY SR.** throw on the ground.

The affiant unzipped the bag and found it was packed full of clear plastic baggies containing methamphetamine. There was a substantial amount of U.S. currency in the bottom of the bag under the methamphetamine.

26.    Investigator Massey and the affiant conducted a probable cause search of **LITTS'** Dodge pickup and found items consistent with the sale and consumption of methamphetamine. These items included a digital scale and glass pipe with suspected methamphetamine residue in it. We also found a business card for a State of Texas District Parole Officer with a handwritten appointment date for July 5, 2022. The affiant located two small boxes magnetically attached to the undercarriage of the truck. The affiant knows this type of box is commonly used to hide illegal drugs during transport. The Dodge pickup was impounded. Investigator Massey collected the drug and gun exhibits as evidence and transported them to the Burleson Police Department to store temporarily until they could be processed.

27.    A Burleson police officer transported **LITTS** and **DEVANEY SR.** from the Hampton Inn to the Burleson Police Department. After the transport, a review of the in-car video revealed **DEVANEY SR.** removed an item from his clothing and placed it in the floorboard. Officers searched the vehicle and located a bag containing a small quantity of suspected cocaine and suspected counterfeit Percocets.

28.    At the Burleson Police Department, the affiant field-tested and weighed the methamphetamine seized from **LITTS** and **DEVANEY SR.** The plastic baggy from **LITTS'** front right shorts pocket tested positive for methamphetamine and weighed approximately 115.60 grams.

The baggy and methamphetamine from the alcoholic beverage box **LITTS** was carrying field tested positive for methamphetamine and weighed approximately 753.70 grams. The baggies of methamphetamine **DEVANEY SR.** was carrying in the zippered shaving kit bag tested positive for methamphetamine and weighed approximately 1279.60 grams. The approximate total weight of methamphetamine is 2148.90 grams.

29.     During a post-Miranda, recorded interview, **LITTS** gave consent for investigators to search his cell phone.  In **LITTS's** phone, the affiant located a series of drug-related text messages.  For example, one message sent from **LITTS'** phone reads, '300 for this zip'.  The affiant knows the term 'zip' is commonly used to refer to one-ounce quantities of illegal drugs.  $300 is consistent with the current price of one ounce of methamphetamine.  Another message sent from **LITTS'** phone on June 24, reads 'Say get this last zip from me for 300 so I ca head out'.

30.     David Devaney Jr., the son of **David DEVANEY SR.**, was also arrested on June 25, 2022, on a charge related to the shooting mentioned above.  During a post-Miranda, recorded interview, he told Commander Sparks he had seen methamphetamine at his father's residence, XXX E. Sheila Cir, as recently as last June 23, 2022.  David Devaney Jr. estimated the quantity of drugs he saw at his father's house as more than one kilogram but less than five kilograms.

31.     On the evening of June 25, 2022, Investigator Massey obtained a search warrant for **DEVANEY SR.**'s residence, XXX E. Sheila Cir.  Investigators executed the warrant shortly thereafter.  During the search, investigators located and seized approximately 1257.9 grams of methamphetamine, several pounds of marijuana, approximately nine

firearms, two suspected drug ledgers, a bank card bearing the name 'FJ Colson' and other evidence.

32.      Late on June 25, 2022, investigators located and searched the black Toyota Camry bearing Texas license plate 'PLD8843'. Investigators located both 9mm and .40-caliber shell casings inside the vehicle.

33.      At the time this complaint was drafted, **DAVID DEVANEY, SR.**, David Devaney, Jr., and two others have been charged with aggravated assault with a deadly weapon in Johnson County, Texas related to the shooting mentioned above. Investigation indicates the shooting was the result of a drug-deal gone bad, and the person killed was an innocent passerby.

*[Continued on next page]*

34.    Based on the foregoing, the complainant believes that probable cause exists that

**DAVID DEVANEY, SR.** and **CORY LITTS** along with others both known and

unknown, did knowingly and intentionally combine, conspire, confederate, and agree to

engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), namely to

distribute and to possess with intent to distribute more than 500 grams of

methamphetamine, in violation of 21 U.S.C. § 846.


Mike McCurdy
Special Agent
Homeland Security Investigations


       SWORN AND SUBSCRIBED before me on this ___27TH___ day of June, 2022,
at __1:22__ am/pm, in Fort Worth, Texas.


HAL R. RAY, JR.
UNITED STATES MAGISTRATE JUDGE


**Criminal Complaint - Page 14 of 14**